| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Patrick E. Gibbs (Bar No. 183174)<br>  Hilary H. Mattis (Bar No. 271498)<br>140 Scott Drive<br>Menlo Park, California  94025<br>Telephone:  (650) 328-4600<br>Facsimile:  (650) 463-2600<br>Email:  patrick.gibbs@lw.com | COHEN MILSTEIN SELLERS & TOLL<br>  Andrew Friedman<br>  Douglas McNamara<br>1100 New York Ave NW, Suite 500 West<br>Washington DC 20005<br>Telephone:  (202) 408-4600<br>Facsimile:  (202) 408-4699<br>Email:  afriedman@cohenmilstein.com |
| Attorneys for Plaintiff Symantec Corp. | Lead Counsel and Attorneys for Ms. Wentz |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORP.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH WENTZ,<br><br>Defendant. | No.  C13-80140MISC EJD (HRL)<br><br>**DISCOVERY DISPUTE JOINT REPORT #1** |

**Identification of the Issue**:  Symantec Corp. seeks an order to show cause by Deborah Wentz as to why she should not be deposed in the underlying action currently pending in the District of Minnesota as *Khoday v. Symantec Corp. and Digital River, Inc.*, No. 0:11-cv-00180 (JRT/TNL).

**Joint Meeting**: July 22, 2013, at O'Hare Airport in Chicago, Illinois, for less than half an hour.

**Date of Close of Discovery**: June 26, 2013

**Attestations of Lead Counsel**: Lead Counsel have complied with Magistrate Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

## PROCEDURAL HISTORY

The underlying case pending in the District of Minnesota is a putative class action in which Plaintiffs Devi Khoday and Denise Townsend allege that Symantec and co-defendant Digital River violated consumer fraud statutes under both Minnesota and California law through Symantec's sale of Norton Download Insurance ("NDI") and/or Digital River's sale of Extended

Download Service ("EDS"). ECF No. 40 (Amended Complaint for Damages and Equitable Relief). Plaintiffs' class certification motion is currently being briefed: Plaintiffs' motion was filed on June 26, 2013, and Symantec's opposition is due to be filed on August 23, 2013. ECF No. 208 (Third Amended Pretrial Scheduling Order).

On May 28, 2013, Symantec took the deposition of named plaintiff (and proposed class representative) Devi Khoday. During her deposition, Symantec's Counsel asked how Lead Counsel came to be her attorney in this lawsuit. Ms. Khoday testified that she was "initially approached" by a college friend, Ms. Wentz, "whose father is an attorney, and he was investigating the – or he was investigating the Norton Antivirus software." *See* ECF No. 145-1 at Ex. A (Decl. of Douglas J. McNamara). Ms. Khoday stated that Ms. Wentz "just asked me if I had purchased the software and . . . the download insurance. And then [Ms. Wentz] -- after I told [Ms. Wentz] that I had [purchased Norton software and download insurance], [Ms. Wentz] asked me if it was okay if her father contacted me." *See id.* When asked if Ms. Wentz approached Ms. Khoday "just out of the blue," Ms. Khoday's attorney objected, and Ms. Khoday responded "yes." *Id.* After this conversation, Ms. Khoday stated that Rick Wentz, one of Plaintiffs' attorneys, contacted her. *Id.* During Ms. Khoday's deposition, counsel for Symantec notified Plaintiffs' counsel that Symantec intended to subpoena Ms. Wentz.

Two days after Ms. Khoday's deposition, on May 30, 2013, Symantec personally served Ms. Wentz with a Subpoena to Testify at a Deposition in a Civil Action issued from the Northern District of California.[1] The Subpoena commanded Ms. Wentz to appear for a deposition on June 14, 2013, at 9:30 a.m. at the offices of Latham & Watkins LLP in San Francisco, and also attached document requests. On June 2, 2013, counsel for Ms. Wentz and Symantec held a meet and confer call regarding Symantec's reasons for subpoenaing Ms. Wentz. ECF No. 145-1 at Ex. C (June 12, 2013, Letter of D. McNamara to H. Mattis). During this call, Symantec's counsel justified their requests as seeking to compare Ms. Khoday's testimony with that of Ms.

---

[1] Ex. 1 (Subpoena to Testify at a Deposition in a Civil Action and attached document requests).

Wentz, and to see if Ms. Wentz had spoken with other prospective plaintiffs, and if so, the content of those conversations. *Id.*

On June 12, 2013, Ms. Wentz served objections and responses to the Subpoena to Symantec's document requests, along with a cover letter stating that she would not appear at the deposition on June 14, 2013, because the subpoena was not justified under Fed. R. Civ. P. 45. *Id.* No party alleges any procedural defect with the Subpoena or its service. Upon service of her objections and responses, the parties engaged in another meet and confer, with Ms. Wentz's counsel re-stating she would not be appearing for her deposition nor responding to the subpoena. Counsel for Symantec stated that "Symantec intends to enforce the subpoena in accordance with the federal rules, and will seek appropriate remedies for Ms. Wentz's failure to comply with the subpoena."

On June 14, 2013, Ms. Wentz did not appear for her deposition; at the direction of Symantec's counsel, an official record of non-appearance was taken by the court reporter. Also on June 14, 2013, Ms. Wentz, joined by the named Plaintiffs, filed a motion for protective order in the District of Minnesota. ECF No. 142. On June 21, 2013, Symantec opposed Plaintiffs' and Ms. Wentz's motion for a protective order. ECF No. 168. As part of their opposition, Symantec noted that it intended to move to compel Ms. Wentz's deposition and production of documents in the Northern District of California. *Id.* at 8 n.3. On June 26, 2013, the discovery deadline in the underlying action, Symantec filed a Motion for an Order to Show Cause ("OSC") in this District. *See Symantec Corp. v. Deborah Wentz*, 5:13-mc-80140-EJD, ECF. No. 1.

On July 1, 2013, after oral argument by the parties on the motion for a protective order, Judge Leung denied Ms. Wentz and Plaintiffs' motion on the record, on the grounds that the Court lacked jurisdiction to quash, modify, or issue a protective order limiting the Subpoena issued by this Court. ECF No. 200 (Transcript of July 1, 2013 Hearing). Also on July 1, 2013, this Court terminated the Motion for an OSC, and directed the parties to comply with this Court's Standing Order Re: Civil Discovery Disputes if the District Court in Minnesota declined to rule on Ms. Wentz's protective order motion. *See id.* at ECF No. 7. On July 11, 2013, after Lead Counsel for Symantec returned from a previously scheduled vacation, Symantec asked

Plaintiffs' counsel about meeting and conferring about the Motion for an OSC during a conference call regarding the scheduling order in the underlying action. An in-person meeting was set up at the soonest mutually available date for July 22, 2013.

Throughout this discovery dispute – on June 13 and 21, 2013, and after this Court's termination of Symantec's Motion for an Order to Show Cause – counsel for the parties met and conferred via e-mail or telephone in a good faith attempt to resolve this discovery dispute. When the parties were unable to resolve the dispute, Lead Counsel for Plaintiffs, Andrew Friedman, and Lead Counsel for Symantec, Patrick Gibbs, agreed to meet in person in Chicago, Illinois on July 22, 2013. Lead Counsel met for less than half an hour but were still unable to resolve this dispute. During this meeting, Ms. Wentz's counsel proposed that Ms. Wentz provide a declaration in which she outlined her conversation with Ms. Khoday and confirmed Ms. Khoday's statements on the matter, which was rejected by Symantec's counsel. Accordingly, the parties have filed the instant Discovery Dispute Joint Report.

## SYMANTEC'S POSITION

I.  This Court Has Jurisdiction to Order Ms. Wentz to Show Cause

"Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Warkentin v. Federated Life Ins. Co.*, No. 1:10cv0221, 2012 U.S. Dist. LEXIS 4443, at *7-8 (E.D. Cal. Jan. 13, 2012); Adv. Comm. Notes to Rule 45(a) 1991 amend. ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions"). Accordingly, under Rule 45, the court issuing a subpoena may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

A civil contempt sanction under Rule 45 is designed to force the contemnor to comply with an order of the court and thus to affect discovery. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999). To establish civil contempt, a plaintiff must show that the contemnor violated a specific order of the court. *See Martinez v. City of Pittsburg*, 2012 U.S. Dist. LEXIS 27230, at *10 (N.D. Cal. Mar. 1, 2012); *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir.

1    1999) (noting that upon that showing, "the burden then shifts to the contemnor[] to demonstrate
2    why [she was] unable to comply"). "Civil contempt is characterized by the court's desire to
3    compel obedience with a court order." *Martinez*, 2012 U.S. Dist. LEXIS 27230, at *10.

4        Here, as noted above, Symantec properly served Ms. Wentz with a valid subpoena from
5    this Court. The Subpoena contained all required information, such as the time and place of the
6    deposition, and was personally delivered to Ms. Wentz on May 30, 2013. Despite being properly
7    served with the Subpoena, Ms. Wentz failed to appear. Ms. Wentz has never challenged the
8    validity or service of the subpoena. Instead, Ms. Wentz has argued that the discovery sought by
9    Symantec is irrelevant, protected by work product, and is intended only to harass Ms. Wentz and
10   Plaintiffs' counsel.

11       Under Rule 45, however, such objections are not a valid basis for refusing to appear for a
12   deposition in accordance with a subpoena. To avoid appearing at a deposition, a motion to quash
13   a subpoena must be made prior to the time when response to the subpoena is due. *See Estate of*
14   *Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled
15   that, to be timely, a motion to quash a subpoena must be made prior to the return date of the
16   subpoena); *City of St. Petersburg v. Total Containment, Inc.*, Case No. 07-191, 2008 WL
17   1995298, at *2 (E.D. Pa. May 5, 2008) ("Ample authority exists holding that timeliness means
18   within the specified compliance period, so long as that period is of reasonable duration.").
19   Similarly, under Rule 26(c), a protective order should be sought *before* the date set for the
20   deposition; failure to do so waives any objections to the appearance. S*ee In re Air Crash*
21   *Disaster at Detroit Metro. Airport*, 130 F.R.D. 627, 630 (E.D. Mich. 1989) ("As a general rule, a
22   party or person must seek a protective order from the court under Rule 26(c) if he desires not to
23   appear or respond to a discovery request. In most circumstances, objections must be filed before
24   the date of the deposition. Failure to seek judicial relief prior to this date will preclude a later
25   objection.") (internal citations omitted).

26       Neither Ms. Wentz nor Plaintiffs can explain their failure to oppose Ms. Wentz's
27   subpoena prior to the date of her deposition, or their failure to move for a protective order in the
28   appropriate judicial district. As such, they do not even attempt to do so; instead, Plaintiffs focus

1  their arguments on objections that do not provide a valid basis for refusing to appear for a
2  deposition.

3  II.  **Ms. Wentz's Testimony Is Relevant To Symantec's Class Certification Briefing**

4  The testimony that Symantec seeks from Ms. Wentz is directly relevant to Symantec's
5  opposition to Plaintiffs' motion for class certification. Symantec only subpoenaed Ms. Wentz
6  after learning that Ms. Wentz was involved in efforts by Plaintiffs' counsel to recruit figurehead
7  plaintiffs for this case. During the Lead Plaintiff – Ms. Khoday's – deposition, it became clear
8  that this lawsuit was manufactured by Plaintiffs' counsel, who conceived of their claim and then
9  proceeded to recruit Plaintiffs to lend their names to the suit.

10  The events leading to Ms. Khoday's participation in this case are clearly relevant to the
11  question of whether Ms. Khoday would be an adequate class representative under Fed. R. Civ. P.
12  23. *See*, *e.g., Bodner v. Oreck Direct, LLC,* No. C06-4756 MHP, 2007 WL 1223777, at *2 (N.D.
13  Cal. Apr. 25, 2007) (when "[i]t is clear from the record that plaintiff's counsel, and not plaintiff,
14  is the driving force behind this action . . . . [s]uch a 'cart before the horse' approach to litigation
15  is not the proper mechanism for the vindication of legal rights").

16  Plaintiffs' contention that Symantec only seeks to harass the daughter of counsel is
17  without merit. Symantec seeks to depose Ms. Wentz only in her capacity as an agent of
18  Plaintiffs' counsel who was involved in the solicitation of class representatives. Plaintiffs and
19  Ms. Wentz cannot shield themselves from such discovery only because Mr. Wentz chose to
20  involve his daughter in such activities.

21  III.  **This Request Is Timely Because Symantec's Deposition Subpoena Was Served with**
22  **Sufficient Time to Allow the Witness to Testify Before the Close of Fact Discovery**

23  As noted above, Symantec commenced discovery on Ms. Khoday with plenty of time for
24  her to appear for her deposition before the close of discovery. Once she failed to appear for her
25  properly noticed deposition, Symantec acted promptly to compel her testimony. In the days after
26  her failure to appear, Symantec filed an opposition to Plaintiffs' and Ms. Wentz's motion for a
27  protective order in the District of Minnesota on June 21, and also filed a motion for an order to
28  show cause in this District on June 26, 2013. As no other discovery disputes had yet arisen in

1  *this* District, no Judge had been assigned to this matter. Accordingly, Symantec filed its motion
2  in accordance with the Federal Rules of Civil Procedure and Local Rules for the Northern
3  District of California. That motion was ultimately assigned to this Court, which terminated it
4  and directed the parties to comply with this Court's Standing Order Re: Civil Discovery
5  Disputes. Symantec, therefore, contends that this dispute is timely filed. It was originally filed
6  before the close of fact discovery and within a reasonable time after the witness failed to appear
7  for her timely noticed deposition. At the time Symantec filed its Motion, there was no way to
8  anticipate that its motion would need to comply with the additional requirements set forth in this
9  Court's Standing Order Re: Civil Discovery Disputes before the motion could be ruled upon.
10     The District of Minnesota declined to rule on Plaintiffs' and Ms. Wentz's Motion for a
11 Protective Order on July 1, 2013, while Lead Counsel for Symantec was on a previously
12 scheduled vacation. Upon returning from vacation on July 8, and conferring with his client
13 about the status of this dispute on July 9, Lead Counsel contacted Ms. Wentz's counsel on July
14 11 to meet and confer pursuant to this Court's Standing Order.

15 IV.    <u>Proposal For This Court</u>

16     Ms. Wentz failed to comply with a properly issued and served subpoena in this District.
17 Accordingly, Symantec respectfully requests that this Court order Ms. Wentz to appear before
18 this Court to show cause why she should not be held in contempt of this Court, and compel Ms.
19 Wentz to appear at a deposition within ten (10) days of its order.

20     **POSITION OF MS. WENTZ AND PLAINTIFFS**

21 I.    <u>Symantec Has Failed to Comply With This Court's Standing Order</u>

22     This Court's Standing Order regarding Civil Discovery Disputes is clear that "In no event
23 may a Joint Report be filed later than 7 days after the discovery cut-off date(s), as prescribed in
24 Civil L.R. 37-3." The fact discovery deadline in the instant case was June 26, 2013. Symantec
25 has not complied with the clear directive of this Court, and Ms. Wentz continues to object to the
26 issuance of any order to show cause.
27     Symantec argues that this Court should consider their request timely because "it was
28 originally filed before the close of fact discovery and within a reasonable time." *See supra.* This

7

is inaccurate. First, Symantec was informed on June 12, 2013, that Ms. Wentz would not be appearing in response to the subpoena. Symantec stated at the meet and confer it would seek to move to compel, but waited until June 26th, the last day of discovery and 12 days after Plaintiffs moved for a protective order. Symantec's OSC was terminated on PACER on June 26, 2013, and this Court issued an order directing the parties to comply with the Standing Order should the District of Minnesota decline to rule on July 1, 2013.

Also on July 1, 2013, the District of Minnesota issued its order declining to rule after the parties had discussed the order from the Northern District of California on the record at the hearing in the District of Minnesota. Thus, Symantec could have started the Joint Report process July 2, 2013, or requested that this Court deviate from its Standing Order, within the seven days provided. Instead, Symantec did not contact Ms. Wentz's counsel to meet and confer until July 11, 2013, during discussion of scheduling expert depositions. Symantec sat on its rights. Symantec now seeks to explain its delay in acting sooner as the result of its Lead Counsel leaving for a previously scheduled vacation. Symantec is represented by Latham & Watkins, who have a "vast team of more than 2,000 lawyers across the world."[2] The excuse that Lead Counsel was on vacation is not sufficient; nor does it explain where this vacation occurred that would make communication with Symantec or other attorneys representing Symantec impossible until a week after this Court dismissed the first OSC attempt. *Accord I.R. v. City of Fresno*, No. 1:12-CV-00558-AWI-GSA, 2013 WL 1129034 (E.D. Cal. Mar. 18, 2013) (Slip Op.) (advising parties that California federal district courts are some of the "busiest Courts in the nation" and that deadlines are "not mere suggestions that may be disregarded by Counsel," especially in the case of "vacation plans that were scheduled several weeks earlier").

Moreover, Symantec rejected the type of compromise the Court's Standing Order seeks to elicit. Despite her meritorious and timely objections to discovery, Ms. Wentz's counsel offered to submit a declaration responsive to the central rationale originally identified by Symantec for her deposition – the nature of her conversation with Ms. Khoday. However,

---

[2] As seen at http://www.lw.com/globaldirectory, last accessed on July 28, 2013.

Symantec rejected this offer because it believed, according to its counsel, that it could "get more" from a live deposition of Ms. Wentz. Symantec's motion should be denied as untimely and in contravention of the Court's Standing Order.

## II.     The Discovery Sought is Not Relevant to the Case

A party may only discover evidence that is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Relevancy limitations apply to subpoenas. *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 358 (8th Cir. 2003). Here, the testimony and documents sought by Symantec are not relevant, and this Court should deny Symantec's OSC.

According to undisputed testimony, Ms. Wentz had one conversation with Ms. Khoday, some 20 months after Ms. Khoday purchased Download Insurance from Symantec. That conversation was not an improper solicitation. Rather, Ms. Wentz asked Ms. Khoday if she had bought Norton products online, and if she would talk to her father, one of Plaintiffs' counsel. *See* ECF No. 145-1 at Ex. A (Khoday Dep. at 26:19-28:7; 90:3-90:16; 124:21-126:1). That Symantec wishes to test Ms. Khoday's testimony against Ms. Wentz's does not justify a third-party deposition. Ms. Wentz was not present at the time Ms. Khoday purchased Download Insurance, did not see what Ms. Khoday saw when she made her purchase, and did not discuss that purchase with her until over a year after it was made. She could only state what was already stated by Ms. Khoday. Ms. Wentz has offered to provide a declaration to this effect, obviating the need for third-party discovery. As such, to the extent Symantec claims her testimony is relevant to class briefing to determine if she acted as "as an agent of Plaintiffs' counsel who was involved in the solicitation of class representatives," *see supra*, they already have testimony as to the interaction between Ms. Wentz and Ms. Khoday.

In any event, Symantec overstates that what it calls a "solicitation" would even be relevant to class certification. Symantec attempts to compare Plaintiffs' counsel with that in *Bodner v. Oreck Direct, LLC*, 2007 WL 1223777, at *2 (N.D. Cal. Apr. 25, 2007). In *Bodner*, the problem for class certification was not that counsel conceived of the litigation first, and then found a plaintiff, but that the plaintiff they found was inadequate, knowing nothing about the underlying action *Id.* at *1. Here, deposition testimony shows that Ms. Khoday is an adequate

1  class representative. Class counsel have communicated with Ms. Khoday extensively, and she is
2  knowledgeable of all aspects of the litigation. That counsel first learned of a claim before their
3  client does not doom a class action. *See, e.g.*, *Edwards v. First Am. Corp.*, 289 F.R.D. 296, 303
4  (C.D. Cal. 2012) (rejecting defendant's citation to *Bodner* and finding that class counsel, who
5  sent solicitations to potential plaintiffs, were adequate counsel). Nor would a supposed improper
6  solicitation – which did not occur here – preclude class certification *Halbach v. Great-West Life*
7  *& Annuity Ins. Co.*, 2007 WL 1018658 (E.D. Mo. April 2, 2007) (noting that denial of class
8  certification is not the proper remedy even in the case of improper class solicitation).
9  III.    The Discovery Sought is Unjustified Absent Class Member Discovery
10         Symantec's counsel may not engage in a fishing expedition and depose Ms. Wentz in
11 hopes she talked to other Download Insurance purchasers with different views, in an attempt to
12 obtain absent class member discovery. The bar for absent class member discovery is quite high.
13 *See, e.g., McCarthy v. Paine Webber Corp.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery
14 of absent class members, while not forbidden, is rarely permitted due to the fact that absent class
15 members are not 'parties' to the action which is to prevent massive joinder of small claims).
16 Symantec needed to have sought permission from the Minnesota Court for absent member
17 discovery. *See, e.g., City of Farmington Hills Employees Rtrmnt. Sys. v. Wells Fargo Bank*,
18 2012 WL 4357433 (D. Minn. Sept. 24, 2012). Symantec likely could not meet the threshold for
19 absent class member discovery, as it could have reviewed its own records, and conducted its own
20 surveys of what purchasers of Download Insurance thought of the disclosures and availability of
21 undisclosed free alternatives. Symantec ignored these options when fact discovery was open,
22 and may not now seek to excuse their neglect by getting relief after the close of fact discovery
23 from this Court.
24 IV.    The Discovery Sought is For Improper Purposes, Including Harassing the Family of
25 Plaintiffs' Counsel or Invading Attorney Work Product
26        In addition to lacking merit, Symantec's subpoena of Ms. Wentz is an improper attempt
27 to get at one of Plaintiffs' Counsel (Richard Wentz) through his daughter. Attempts to intimidate
28 parties or their counsel justify denying requested discovery. *See Bernal v. All Am. Inv. Realty,*

*Inc.*, 479 F. Supp. 2d 1291, 1298 (S.D. Fla. 2007) (affirming denial of discovery when Counsel's "primary purpose in propounding this discovery was to intimidate the Plaintiff"). While denying Ms. Wentz's motion for a protective order, Magistrate Leung noted that "it is highly unusual for counsel for one party to depose the opposing counsel's daughter about a conversation that opposing counsel's daughter had with a college friend or acquaintance." ECF No. 200 (Transcript of July 1, 2013 Hearing) at 52. Symantec's actions, in continuing to seek Ms. Wentz's deposition after she offered to provide a declaration, suggest that it is only interested in "generat[ing] conflict, rather than focusing on the dispute between the parties they represent." *Revson v. Cinque & Cinque*, 70 F. Supp. 2d 415, 434-35 (S.D.N.Y. 1999), *judgment rev'd in part, vacated in part sub nom. Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71 (2d Cir. 2000) (quoting Justice Sandra Day O'Connor). This conduct should not be condoned. *Id*.

Moreover, Symantec appears to be seeking information related to the pre-filing investigation of this action and conversations regarding strategy that Ms. Wentz may have picked up from her communications with her father. As such, Symantec's discovery demand comprises an improper attempt to obtain material protected from discovery by the attorney-work product doctrine. "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *Cardenas v. Prudential Ins. Co. of Am.*, CIV. 99-1421 JRTFLN, 2004 WL 234404, at *1 (D. Minn. Jan. 30, 2004) (quotation omitted). The work product doctrine clearly covers documents and information related to an investigation leading to a lawsuit. Symantec would not face undue hardship in obtaining testimony on substantially similar subjects through other means, so its request should be denied.

V.     Proposal for This Court

Counsel for Ms. Wentz and Plaintiffs respectfully request that the Court deny Symantec's Order to Show Cause and that it terminate these proceedings.

Dated: July 29, 2013

Respectfully submitted,

LATHAM & WATKINS LLP

By   /s/ Patrick E. Gibbs
       Patrick E. Gibbs

Attorneys for Plaintiff Symantec Corp.

COHEN MILSTEIN SELLERS & TOLL PLLC

By   /s/ Andrew Friedman
       Andrew Friedman

Attorneys for Plaintiffs and Ms. Wentz