NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.,<br><br>        Plaintiff,<br><br>        v.<br><br>DEBORAH WENTZ,<br><br>        Defendant. | Case No.  5:13-MISC-80140 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>[Re:  Dkt. No. 8] |

United States District Court
Northern District of California

Symantec Corp. (Symantec) is one of the defendants in an underlying putative class action pending in the United States District Court for the District of Minnesota.  This court is told that, in that action, plaintiff Devi Khoday alleges violations of consumer fraud statutes in connection with Symantec's sale of Norton Download Insurance.  During her deposition, Khoday was asked how lead counsel came to be her attorney.  The gist of Khoday's testimony, as summarized and presented to this court, is that she was approached "out of the blue" by counsel's daughter, Deborah Wentz, who also happens to be her college friend.  Wentz asked if Khoday purchased the subject software and download insurance; and when Khoday responded in the affirmative, Wentz asked if it was okay for her father to contact Khoday.

On May 30, 2014, Symantec served Wentz with a subpoena seeking documents and a testimony concerning all communications between Wentz and plaintiffs' counsel about plaintiffs; defendants; the subject software and download insurance; any potential lawsuit against

United States District Court
Northern District of California

1    defendants; and the solicitation of persons with complaints about defendants or the subject

2    software and download insurance.  The subpoena also seeks discovery of any remuneration or

3    incentive Wentz was offered or received in connection with the lawsuit for soliciting potential

4    plaintiffs, as well as any contracts or other agreements between Wentz and plaintiffs' counsel.

5           On June 12, Wentz objected to the subpoena and told Symantec in a cover letter that she

6    would not appear for the noticed June 14 deposition.  Instead, on the noticed deposition date,

7    Wentz (along with the named plaintiffs) applied to the Minnesota court for a protective order.

8    About two weeks later, on the June 26 discovery cutoff in the underlying lawsuit, Symantec

9    moved this court for an order directing Wentz to show cause why she should not be held in

10   contempt for her failure to comply with the subpoena.

11          On July 1, this court issued an order advising that it does not entertain noticed discovery

12   motions, terminating Symantec's motion, and directing compliance with the undersigned's

13   Standing Order re Civil Discovery Disputes if the Minnesota court declined to rule on Wentz's

14   motion for a protective order.  Coincidentally, this court is told that, on that same day, the

15   Minnesota court concluded that it lacked jurisdiction to rule on Wentz's motion inasmuch as it

16   concerned a subpoena issued in this district.

17          Now before this court in this ancillary proceeding is Discovery Dispute Joint Report

18   (DDJR) #1 in which Symantec renews its request for an order to show cause why Wentz should

19   not be held in contempt, as well as for an order compelling her compliance with Symantec's

20   subpoena.[1]  Symantec argues that the requested discovery is relevant to class certification.

21   Further, Symantec says it needs this discovery as a cross-check on Khoday's testimony and to

22   ascertain if Wentz spoke with other prospective plaintiffs (and, if so, what was said).  The matter

23   is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration

24   of Symantec's and Wentz's respective positions, the court denies Symantec's requests.

25          While Wentz was free to move for a protective order either in Minnesota or in this district,

26

27   [1] Insofar as Wentz contends that the instant DDJR is untimely, Symantec could not have known,
     when it initially sought judicial intervention here, that this matter would be referred to this court,
28   which does not entertain noticed discovery motions.  Wentz's request to deny Symantec's
     requested discovery on this ground is denied.

1   see Fed. R. Civ. P. 26(c)(1), she should have sought relief re her deposition prior to the June 14

2   compliance date.  Even so, the situation presented here is a far cry from that in Bodner v. Oreck

3   Direct, LLC, in which the plaintiff's counsel "constructed this lawsuit before it had a plaintiff" and

4   "went in search of a plaintiff, never mind the lack of a fitting plaintiff or the lack of ethical

5   scruples."  No. C06-4756 MHP, 2007 WL 1223777 at *3 (N.D. Cal., Apr. 25, 2007).  Moreover,

6   having considered competing legitimate interests and possible prejudice, this court concludes that

7   the discovery sought is of marginal relevance and that the burden and expense of the proposed

8   discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Accordingly, Symantec's

9   request for an order to show cause re contempt and an order compelling Wentz's compliance with

10   the subpoena is denied.

11          SO ORDERED.

12   Dated:   December 9, 2013

13   _____

14   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    5:13-mc-80140-EJD Notice has been electronically mailed to:

2    Hilary Hellmuth Mattis      hilary.mattis@lw.com, svdocket@lw.com

3    Patrick Edward Gibbs      patrick.gibbs@lw.com, Jennifer.Duckworth@lw.com,

4    svdocket@lw.com, zoila.aurora@lw.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California